Oral argument not to exceed 15 minutes per side And when you're ready, Mr. Newkirk for the appellant. Good morning, may it please the court. My name is Todd Newkirk. I represent the appellant, Dr. Russell Kiser, in this matter. I'd like to reserve three minutes for rebuttal. Appellant asks this court to reverse the decision of the lower court dismissing this case for failure to state a claim under Rule 12b-6. Appellant's complaint challenges the regulations in the Ohio Administrative Code of the Ohio State Denmark Board, which prohibit appellant from advertising as a specialist, which he is, and also advertising that he performs general beneficiary procedures. Those regulations have chilled his First Amendment rights to commercial free speech, and they forced him to forgo truthful advertising in violation of the First Amendment. The complaint also alleges that the regulations violated his substance abuse process rights, his procedural due process rights, and his equal protection rights. Are we just talking about, with all that stuff, the limitations upon his ability to advertise? Well, the regulations at issue are regarding his holding himself out as a specialist. It's our position that that means advertising, or in some way conveying to the public that you are a specialist. Now, those regulations, by regulating what he can hold himself out to the public, that limits what procedures he can perform in his practice. Is that correct? That is, if he doesn't say general dentistry, is he forbidden to perform any activities outside of dental dentistry? He is, under the regulations that we challenge. Now, if he does not say he's a specialist, even though he's qualified as an endodontist, if he does not say he's a specialist, he can perform all general dentistry procedures. He can also perform endodontic procedures. Because that's what he's doing. That is what he's doing currently, yes. And he can even say, he can even advertise endodontics. He just can't say he's an endodontist. So, the board is really not regulating conduct, as they want to argue. Because if he says he's a, if he doesn't say he's a specialist, he can still perform all the same procedures. He just can't advertise that he's a specialist. So that's why you say this is a limitation on his advertising, not on his activities. That's exactly right. Then why are we talking about substantive due process, if this is just a speech case? Well, substantive due process, First Amendment can be a, support a, I'm sorry, First Amendment can support a derivative of substantive due process. Why, I mean, we wouldn't go to this sort of vague, you know, almost standardless provision if we have a First Amendment, you know, that speaks directly to the activity in question. Why would we go down that road? Well, certainly, I think this case can be decided solely on First Amendment grounds. And if we so decide it, is there anything you gain by getting into the other grounds? Well, if it's decided on the First Amendment grounds that the regulations are unconstitutional, I don't think the substantive due process grounds add anything. Well, I mean, at this stage, since it was dismissed on 12th and 6th, at least one possible outcome would be simply to say that it states a claim and then say go ahead and analyze it under, you know, the First Amendment advertising cases, Virginia Bar and Wentworth and so on. Is there anything analytically or otherwise you get by resurrecting the other statements? Because I thought, for example, your substantive due process really keyed off of the First Amendment that you said there should be at least intermediate scrutiny. They would have to look at the Fifth and so on. And that's no better than what you would get under the First Amendment, is it? It's not. The First Amendment could dispose of this case. The reason we added the substantive due process claim is because by limiting his practice, if he advertises that he's a specialist, it also – it would take away portions of a property, right? But you have said that, in fact, he's not doing that kind of – he is saying that he is practicing general dentistry and that allows him to do both. So, I mean, surely he has not stated a claim that he can assert as to somebody who says I'm an endodontist or whatever it is and therefore can't do general dentistry. So then it would seem like that substantive due process for that reason is out. Well, he is only – he changed the way he advertised because of the board regulations and because of the warning letter they issued to him. He had previously advertised as an endodontist, but the board had issued some of his advertising saying that he was advertising services outside the scope of that specialty. He, in fear of being disciplined by the board, has changed that and now does not declare himself a specialist even though he's rightfully entitled to say so. I wanted to add a little bit – the state weighed heavily on Liberty Coins versus Goodman in their brief, saying that the regulations only regulate conduct, not speech. And I just wanted to differentiate that case a bit. First of all, that case was a review of a grant of a preliminary injunction, which obviously a grant of a preliminary injunction has a much higher burden than what we see here. This is a 12B6 issue. All we have to show now is that we stated a claim. But second, that case was comparing licensed individuals to those who are completely unlicensed in the subject area. And they said that the speech was only evidence of whether they were acting as a professional in mental – dealing in precious metals. And here, the board is really saying, if you advertise as a specialist, we're going to take away all this other – 80% of other dental procedures that you can render. But if you don't advertise this way, then you can do everything. That is a – that is chilling speech. I think that is directly contrary to what Liberty Coins says, or it's certainly different than what Liberty Coins says. What does your complaint, which – my fault, I don't have it in front of me at the moment. What does your complaint say as to why this limitation on your client's speech does not advance a substantial government interest? Well, for one, it's our position that that's not an issue now. We're just dealing with whether we've stated a claim. You have to say, you know, allege things that would allow the court to conclude that you – that this thing does not advance a substantial government interest? Well – You just can't show up and say, you know, they're not letting you speak. If a government agency is regulating truthful, non-misleading speech, the burden is actually on them to show that they have a substantial – That you do allege that it's truthful and non-misleading. Yes. Yes, sir. So that is the kind of evidence that we would be developing as the trial went on. But it is our position that there is no substantial governmental interest for this delineation and the advertising rules. And, you know, even if there were an interest, we don't believe that it advances that interest or is the least extensive means. We've alleged all that in the complaint. Really, the district court's opinion was based solely on the fact that this wasn't regulating speech at all. That it was illegal activity or something? It was illegal activity. The district court said it was illegal activity because if he advertises as a specialist, he's not permitted to perform general dentistry procedures. So advertising as such would be advertising illegal activity. But both of the things that he is doing now and the things that he would do if you prevail are all legal. It's only the advertising that's potentially illegal. Is that right? It's not that he's performing procedures in either event that are illegal procedures. And he's not a dentist performing unlicensed abortions on the side. That is correct, Your Honor. And as much as I would like to give an emphatical yes answer to your question, the way the regulation is set up now is he is not permitted to perform general dentistry procedures if he advertises as a specialist. If he advertises as such, but since he's not currently advertising as such, what he's doing are permitted procedures. That's correct, Your Honor. And if he were to advertise only as an orthodontist, what he would be doing are permitted procedures, and they'd be the same general dentistry. He's just not permitted to perform them as a result of the regulation. It's not that there's something wrong with the procedures. That's right. Or that he's unqualified to perform them. That's right, Your Honor. In fact, he has the same general dentistry training and education experiences as any other licensed dentist in Ohio. He just wishes to advertise that he has additional education training and experience in dentists. Which he actually does. Which he actually does. Yes, Your Honor. If there are no other questions. Okay. We have remaining time for rebuttal. Thank you, Your Honor. Good morning. May it please the Court, my name is Katherine Bockway. I represent the Appalachians. The District Court properly dismissed this case, and these regulations do relate to conduct, not speech. They're not triggered by the dentist advertising that he's a specialist. They're triggered by the dentist asking the Board to recognize him as a specialist. And applying to the Board, showing that he meets the qualifications for that. And then the Board recognizes him, and in fact endorses him, and publishes on its website that they are specialists. And they are therefore communicating to the public that this particular dentist has the training needed and superior skills to a general dentist. So it's not triggered by his advertising. It's triggered by him asking the Board to give him that designation. Those things that you just said, though, he has all of those, does he not? He has the educational requirements, but one of the other requirements is that you limit your practice to endodontics. So if he wants that designation, he needs to meet the criteria that the Board sets. So then what is the government interest in that? In fact, anti-competitive, I guess, in the sense of anti-competitive to general dentists. Is there a statement anywhere as to what that interest is? Yes. And first of all, you don't need to get there because the First Amendment doesn't apply, but I'll get back to that. But this Court has already held that dental boards have a substantial interest in ensuring professional conduct by dentists and in assisting the public in distinguishing between general dentists and specialists. So certainly requirements— You say we've said that. What is that, in Parker or in what case? Yes, I believe so. We'll get to Parker in a minute, but that's one where they struck down a ban on— They did. And in that case, that state allowed general dentists to practice in specialty areas, but then they wouldn't let them advertise that they provided those services. So the advertisement they wanted to provide was for legal treatments. Here, it's the opposite. They're only allowed to not advertise what they're not allowed to do, and the First Amendment doesn't protect advertising under legal conduct. You say they're not allowed to do, but he is in fact allowed to do general dentistry procedures and endodontic procedures. He's just not allowed to say so under your rules. If he does not ask the board to recognize him as a specialist, he can perform any procedure he wishes. Well, of course, he's asked the board to recognize him as a specialist, but they won't do so if he practices these other procedures. That's what I'm focusing on. What is the government interest in making that distinction, that limitation? The board is, as I said, endorsing and communicating to the public that that dentist has superior training and skills, requiring that the dentist exclusively practice in that specialty ensures that the dentist is maintaining those skills and limiting and focusing all of their treatments in that one area so that they aren't diluting them by engaging in other activities. Diluting seems odd, as if you said to be an endodontist you have to perform 500 procedures a year to keep your skills up. I would understand that, but I might correct that you can be a certified endodontist and mostly sit on the beach, and if you do 20 procedures a year or 50, then you're fine. So there's not a medical or a skills level requirement in this certification, is there? Well, there is a skills level, and that they need to complete it. Well, those are ones that he in fact meets. And that is another option. The board could have made it based on a number of procedures. They could have made it based on the time spent on the procedures. But here we're talking about intermediate scrutiny. It does not have to be a perfect fit. It only needs to be a reasonable fit and reasonably furthered those skills. The reasonable fit here is if he does five general dentistry procedures, then he can't advertise as an endodontist, right? He can't be recognized by the board or advertised, correct. And there's a couple of issues there. First, it helps the… How good of a fit is it? Let me just, real briefly on this. I mean, the factual nature of what we're arguing about, the details, why isn't this something that should be developed in the district court rather than dismissing the First Amendment claim on 12e6 grounds? Can we go back and tell Judge Marbley about, oh, you know, no, we need him to do this or that, or this makes sense, it doesn't make sense. If, in fact, would you agree that it is the state's burden to show that there is a substantial interest, that, in fact, this is a limitation on commercial speech? I agree with that, but this board has already held that there is a substantial interest in ensuring professional dentistry and in assisting the public in distinguishing between general dentistry and specialty. Okay, but, I mean, if you have the—if it's your burden, then the question becomes, have you carried that burden based on the pleadings alone? I gather—I mean, the case you're talking about wasn't the exact same regulation, correct? I mean, we're talking, you know, it matters about the scope, it matters about particular practice. If it's not the exact same regulation, almost to the point of race judicata, if we're here again to talk about Ohio Reg, whatever, then why isn't this something where they have a chance to make their case and you have a chance to explain the interest? What's wrong with that? Well, in this case, the district court held that if you failed to state a claim because the advertising was not protected at all by the First Amendment because it was advertising that was collected— Okay, so, I mean, if you had them off at the pass, fine, but if you lose at that pass, I'm having a hard time seeing why this factual exchange is something that is within our purview, really, after 12 v. 6. Well, it's not unheard of for a district court to grant 12 v. 6 even on an intermediate scrutiny basis, and this Court has confirmed that on occasion. That type of— But that's not the basis he did it on. Pardon me? He did not do it after an intermediate scrutiny in the House. And, you know, he did it on the legal basis that the First Amendment did not apply. But certainly it's a legal determination that you could either make or remand it back to the district court to make that if you don't agree that in the First Amendment it didn't apply at all. But, again, the substantial interest is already decided as a matter of law. So the only question is whether it's a reasonable fit. And the state has asserted what its interests are, how they fit, and for the most part it's a matter of common understanding that— None of that was really ruled on by the district court. That's correct. That's correct. It was briefed in the motions, but that wasn't the basis for the Court's decision. But certainly, as a matter of common knowledge, it would assist the public in distinguishing between a specialist and a general attendance. And then how? Again, why is that that much different from Parker, where they said you can't advertise as an orthodontist? Granted, their reg was funny because you could say you can do orthodontics. But nevertheless, the information to the public of the title orthodontist, in Parker, just as here, the title of endodontist, seems like it's exactly the same kind of limitation, and that was struck down in Parker. And I think that one of the critical differences is that it wasn't illegal to do that. And another issue here is that it's not protected because it's false and misleading. Inherently, a general dentist is the opposite of a specialist. You can't be both. So to advertise that you're both is false and misleading to the public because you are stating— Is that a metaphysical proposition? You can't be both? I don't really follow that. He is lawfully practicing both, as long as he just advertises general dentistry. He's practicing both. In fact, he's both. He's a general dentist. But he's doing both. General dentistry includes endodontics. General dentistry includes everything within dentistry. I mean, the whole way you phrased that was sort of delusory. Well, what I mean is a general dentist is a dentist who can perform any activity, including endodontics. And a specialist is someone who practices only in that area. By definition, a general dentist is someone who is not a specialist. Can he say general dentist, including orthodontia, all that? Theoretically, he could do that. Theoretically, yes, he could do it. Theoretically. Yes. I don't know that he's performing orthodontia, but— Endodontics. Endodontics. He's an endodontist. Endodontist. An endodontist is his. Correct. And he can't—correct me if I'm wrong. It's a very complicated reg, but he can't say, I am an endodontist. And he can't say, I have training in endodontics. And he can't say, I do a lot of endodontic procedures. I think he could say this back in 2005. He can't say that he is a specialist. He can't say he's an endodontist or a specialist in endodontics. He can say that he performs endodontics. I think he could say he has an educational background that he has. I don't think that will bar him from saying that. But it bars him from saying he is a specialist or an endodontist because that is a matter of board recognition, and the board has set criteria for that. I practiced administrative law for 15 years almost exclusively. If I went to private practice, I might think in my own mind that I'm a specialist in administrative law, but I can't advertise that unless I meet the criteria the Supreme Court says. The board doesn't regulate or use a term like state-certified endodontists. They use the term recognized. In the advertising, you don't have to say the recognized part. There's not a state imprimatur in the regulation of advertising other than that the word itself, the dictionary word, might imply some state recognition. That is correct. So the question would be whether there's a substantial interest in preventing people from saying they're a recognized endodontist as opposed to somebody who has training in endodontics, does a lot of these procedures, etc. It's a pretty fine difference between what they can say and what they can't. It would seem like if a court got to the question of intermediate scrutiny, the question is whether there's a substantial interest for that fine distinction. Is that fair? I think that's probably fair. I think specialist is defined. That's how it's defined in the board statute. It doesn't say you can't say you're a recognized specialist. It says you can't say you're a specialist, so I would say that is a fair statement. But again, it is not protected because it's illegal activity. It's not protected because it's false and misleading. And it does meet the intermediate level scrutiny. All of the district court didn't reach that issue because the repetition of requiring someone to stay within that is an interest of the public, ensuring professional conduct, ensuring a superior level of skills that the board is telling the public this person has, are still contained. With respect to the false and misleading, going back to that in terms of the conversation we've been having, under these circumstances, isn't that potentially a factual matter for the district court? Some things, I guess you can say, as a matter of law, are false and misleading. But your argumentation as to why it's false and misleading seems to get into the weeds of what people would believe the words mean. So in order to rule it out on failure to state a claim, wouldn't you have to have a much clearer idea, a much clearer argument that it's false and misleading as opposed to a factual dispute? The way you would in any consumer fraud case. I think it would still be a legal dispute because, as I've said, the law provides that a general dentist... Okay, because that takes effect in the usual activity. Right. Okay. Okay. And then I wanted to touch on, in Dr. Fizer's reply brief, he mentions the re-Supreme Court decision which just came out after our brief was written. Both the 7th Circuit and the 11th Circuit and several district courts have held that regardless of the content-based issue, the re-decision did not overturn Central Hudson, which provides that commercial speech is still subject to intermediate review. I'm sorry, the 11th District held that. The 6th Circuit held that with respect to... that it didn't override the lower-level protection for sexually-oriented entertainment. We don't have that here. No, we don't have that here. And I take it the Central Hudson test is kind of what they say we can beat, that they can defeat any claim that the regulation meets Central Hudson. They probably can. Yes. And then on the delegation issue, he does not have standing because he is in a recognized specialty. He argues in his reply brief that he still has standing because the board also delegates to the APA the definition of what endodontics is, but that's not the case. Nothing in the board's statute of rules says that we hereby adopt the APA definition of what endodontics is. And then on the merits, there is no illegal unconstitutional delegation because it's been repeatedly held that state agencies can rely on established private organizations and adopt those types of rules, just as lawyers often have to graduate from the APA graduate law school. This board can adopt the accreditation standards of the APA. So that's a field of litigation by the APA certification. All right. Anything else? Councilwoman? Thank you. I've asked you to confirm. Thanks. Three minutes for rebuttal. Thank you, Your Honor. Just a couple quick points. The state is really playing with semantics here about the regulation of conduct. Appellant can say that he does endodontic procedures. He can advertise for that. He can perform endodontic procedures, but he can't truthfully tell people that he is an endodontist, that he is recognized by the American Board of Endodontists, that he holds a diplomate from that organization, that he completed two years postdoctoral education on this subject area. So the board is trying to play with that language so that they can avoid getting to what we really rely on, and that is the central Hudson test. This type of advertising is not so clear-cut as the state would like the court to believe. They claim it's inherently misleading, but studies and surveys routinely show that the consumers aren't necessarily misled by this information. And that is the kind of evidence we want to develop as the case goes forward, and that's what we would be doing to support the prongs of central Hudson. And the substantial interest dialogue that we've had, again, that goes to factual issues that will develop as the trial goes on. And we're not challenging that the board doesn't have a substantial interest in regulating professionals, but they have to show that this regulation has a substantial interest and that it reasonably relates to that interest. So unless there are any questions, I'll ask this court to reverse the discussion. Okay. Thank you, counsel. Thank you. And that case will be submitted.